Trover for a horse. The plaintiff showed title to the property by offering in evidence an instrument of writing signed by Edward Teague, under whom the defendant claimed. The instrument was in the following words, viz.:
"NORTH CAROLINA — Burke County.
"Know all men by these presents, that I, Edward Teague, have this day bargained for a sorrel filly of Willie Gaither, which filly I want to stand as security until I pay him, the said Gaither, for her. I also promise to take good care of her. Witness my hand and seal, this 5 October, 1836.
EDWARD TEAGUE."
At the time the instrument in question was executed and the possession of the property passed to Edward Teague, the plaintiff took the note of the said Edward for $30, being the price of the horse. Afterwards the plaintiff sued on the said note, obtained judgment, (66) and sued out execution, on which the officer returned "No goods." On the trial, the plaintiff offered to give these proceedings in evidence to show that the debt had not been paid, and that the said Edward was insolvent. The evidence was rejected by the court. The jury returned a verdict for the defendant, and judgment having been rendered pursuant thereto, the plaintiff appealed.
We think that the evidence rejected by the Superior Court would have been admissible against Edward Teague if he had been the defendant. And as the present defendant claims under Edward (how, it does not appear), it must be good evidence against him.
PER CURIAM. Venire de novo.
Cited: Ballew v. Sudderth, 32 N.C. 179; Parris v. Roberts, 34 N.C. 269;McFadden v. Turner, 48 N.C. 482; Lewis v. Fort, 75 N.C. 253;Thomas v. Cooksey, 130 N.C. 151. *Page 56